**NOT FOR PUBLICATION**
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------X

In re:

| | |
|---|---|
| JOSEPH JANAS, | Chapter 7 |
| Debtor. | Case No.: 12-28363 (MBK) |
| --------------------------------------------------------X | Adv. Pro. No.: 13-01440 (MBK) |
| ANDREW D'AMATO, | |
| Plaintiff. | |
| v. | |
| JOSEPH JANAS, | |
| Defendant. | |
| --------------------------------------------------------X | |

**APPEARANCES:**

Timothy P. Neumann, Esq.
Broege, Neumann, Fischer, & Shaver, LLC.
25 Abe Voorhees Drive
Manasquan, NJ 08736
*Counsel for Debtor/Defendant*

Donald E. Straffi, Jr., Esq.
Straffi & Straffi
670 Commons Way
Toms River, NJ 08755
*Counsel for Creditor/Plaintiff*


**MICHAEL B. KAPLAN, U.S.B.J.**

**MEMORANDUM DECISION**

**I.    Introduction**

This matter comes before the Court by way of Joseph Janas' ("Debtor/Defendant") Motion for Summary Judgment ("Motion") seeking dismissal of Andrew D'Amato's ("Creditor/Plaintiff") complaint objecting to the Debtor's discharge due to Plaintiff's failure to timely file the complaint. The issue before the Court is whether an extension of time to file an objection to discharge, granted in favor of one creditor, extends the time for Plaintiff to file a complaint, absent Plaintiff's own motion. As discussed below, the Court determines that one party's motion to extend the time to file an objection to discharge does not apply to all parties, and the failure to have filed an objection or independently request an extension of time, bars Plaintiff from raising the objection at a later date. Thus, the Court will grant the Defendant's Motion.

**II.    Jurisdiction**

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and Standing Order of the United States District Court dated July 10, 1984, as amended October 17, 2013, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (J). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**III.    Procedural History and Background**

Defendant filed a voluntary petition ("Petition") for relief under Chapter 7 of the Bankruptcy Code on July 24, 2012. The first 341(a) Meeting was scheduled for August 27, 2012 and the deadline to oppose Debtor's discharge or the dischargeability of debts was October 26, 2012 ("Bar Date"). By motion filed October 25, 2012 ("First Extension Motion"), the Region Three United States Trustee ("UST") sought an extension of the Bar Date for filing either a

motion to dismiss under 11 U.S.C. § 707 or a complaint objecting to discharge under 11 U.S.C. § 727.  In support of the First Extension Motion, the UST alleged that the Defendant's income, expenses, assets, and liabilities were unclear and that cause existed to extend time to further investigate the Defendant's financial affairs.  The certificate of service for the First Extension Motion states that it was served on the Debtor, Debtor's counsel, the Chapter 7 Trustee, and Eugene Roth, Esq., attorney for creditors Robert and Lorraine Henry, who had filed a motion to compel document production.  The First Extension Motion was not served on all creditors generally, including Plaintiff herein.  Defendant did not oppose the motion, Plaintiff neither joined the UST's motion, nor filed its own motion seeking to extend the initial Bar Date.  On November 29, 2012, the Court granted the First Extension Motion and entered an order extending the Bar Date to January 24, 2013 ("First Extension Order").

The First Extension Order stated in the last paragraph: "ORDERED that the entry of this order is without prejudice to the *right of the United States Trustee* to seek additional extensions of time for good cause shown." (emphasis added).  The parties served with notice of the First Extension Order were the Defendant and the UST, and not the creditors generally.  Thereafter, on January 24, 2013, the UST filed a second motion seeking a further extension of the Bar Date ("Second Extension Motion").  The Court, again, granted this motion through an Order entered on March 7, 2013 ("Second Extension Order"), which extended the deadline to April 24, 2013.  The certificate of service filed with the Second Extension Motion reflects that the same parties were served as with the First Extension Motion.  Once again, Plaintiff neither joined in the UST's motion, nor filed its own request to extend the Bar Date.  Significantly, neither of the motions filed by the UST indicated that the extensions were sought on behalf of any other party aside from the UST.

On March 26, 2013, Plaintiff filed a Notice of Appearance and Request for Service of Notice in the main bankruptcy case.[1]  Plaintiff, subsequently, on April 24, 2013, filed its complaint in the instant adversary proceeding seeking an order under 11 U.S.C. § 727 denying the Debtor a discharge.  In this regard, Plaintiff avers that Defendant concealed, destroyed, mutilated, and falsified or failed to keep and preserve any recorded information, including but not limited to, books, documents, and records, from which Defendant's financial condition and business transactions may be ascertained.  Plaintiff also claims that Defendant has understated business receipts and income on his bankruptcy petition, falsified tax returns for 2010 and 2011 with respect to his income, and failed to list certain ownership interests in other assets.  Finally, Plaintiff avers that Defendant failed to explain a loss of assets, namely, an inheritance from a deceased aunt in excess of $240,000 that was received within two years of his bankruptcy filing.

On November 22, 2013, Defendant filed this Motion, claiming that in light of Plaintiff's failure to join in the UST's First and Second Extension Motions or independently request extensions of the Bar Date, Plaintiff's complaint is time-barred and the proceeding should therefore be dismissed.  Plaintiff counters that Defendant has waived this defense by filing an answer to Plaintiff's complaint on May 28, 2013, and participating in discovery and settlement discussions.

**IV.    Analysis**

This Court determines that the Supreme Court's decision and reasoning in *Kontrick v. Ryan*, 540 U.S. 443 (U.S. 2004) is dispositive of the issues in the present motion.  In *Kontrick*, the Supreme Court held that a debtor forfeits the right to rely on the time limit provided under

---

[1] The Court notes that the Debtor listed Plaintiff as a creditor in his Petition.

Fed. R. Bankr. P. 4004[2] for the creditor to file objections to discharge if the debtor does not raise the issue before the bankruptcy court reaches a decision on the merits of the creditor's objection. Pertinently, the Supreme Court stated in *Kontrick*:

> Ordinarily under the Bankruptcy Rules as under the Civil Rules, a defense is lost if it is not included in the answer or amended answer. …Rules 12(h)(2) and (3) prolong the life of certain defenses, but time prescriptions are not among those provisions. Even if a defense based on Bankruptcy Rule 4004 could be equated to "failure to state a claim upon which relief can be granted," the issue could be raised, at the latest, "at the trial on the merits." … Only lack of subject matter jurisdiction is preserved post-trial.

*Kontrick v. Ryan*, 540 U.S. 443, 459 (U.S. 2004). Notably, in the *Kontrick* case, the parties had already proceeded through trial when the objection was first raised by the debtor. This stands in stark contrast to the facts herein where Defendant did interpose in his answer the timeliness of Plaintiff's filing as an affirmative defense. Moreover, the Motion has been brought well in advance of the trial (not <u>after</u> trial).

This Court concludes that Defendant's Motion should be granted. It is conceded that Plaintiff did not file his objection to the Defendant's discharge by the deadline of October 26, 2012. While it is clear that the UST filed multiple motions for an extension of the Bar Date, at no point did Plaintiff join the UST in these motions, or independently file his own motion. While Plaintiff argues that the UST's motions should extend to all creditors, it is clear from the

---

[2] Fed. R. Bankr. P. 4004(a) states:

> In a chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). In a chapter 11 case, the complaint shall be filed no later than the first date set for the hearing on confirmation. In a chapter 13 case, a motion objecting to the debtor's discharge under § 1328(f) shall be filed no later than 60 days after the first date set for the meeting of the creditors under § 341(a). At least 28 days' notice of the time so fixed shall be given to the United States trustee and all creditors provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney.

language employed in the motions and resulting orders that the extension applied solely to the UST and no other creditors.  A ruling by this Court that Plaintiff (or any other creditor) should benefit from the UST's motions would alter the very relief sought in the motions and serve to deny Defendant an opportunity to contest the relief sought.

The Third Circuit Court of Appeals in *Schwartz v. Weinberg (In re Weinberg)*, 197 Fed. Appx. 182 (3d Cir. 2006) discussed *Kontrick's* treatment of an untimely action under Fed. R. Bankr. P. 4004(a) and noted that "because it was undisputed that the creditor in *Kontrick* failed to file in a timely manner and because the creditor raised no argument for tolling based on principles of equity, [the Supreme Court] [sic] did not address '[w]hether the Rules despite their strict limitations, could be softened on equitable grounds[.]'" *Weinberg*, 197 Fed. Appx. at 188 (citing *Kontrick v. Ryan*, 540 U.S. 443, 457 (U.S. 2004)).  The Third Circuit in *Weinberg* stated further that it "has never held that those rules [Fed. R. Bankr. P. 4004 and 4007] are 'jurisdictional' or otherwise immune from tolling based on equitable principles." *Id.* at 188. Thus, the Third Circuit has left the door open for late filings where the equities warrant tolling of a bar date; however, in this matter Plaintiff has not raised an argument for tolling based on equitable principles.  Nor do the undisputed facts suggest that equitable relief is appropriate.

Finally, Fed. R. Civ. P. 12(h)(1)(B)(ii) applies where a party may be deemed to have waived or failed to preserve certain defenses, particularly where the party fails to make a motion in regards to the action.  Fed. R. Civ. P. 12(h)(1)(B)(ii) states:

> ***When Some Are Waived***. A party waives any defense listed in Rule 12(b)(2)-(5) by:…failing to either: … include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

The Plaintiff argues that summary judgment should be denied due to the fact that Defendant filed an answer and the case has progressed through discovery and settlement discussions.  However,

6

this is simply incorrect, inasmuch as the Defendant did indeed raise the timeliness of filing as an affirmative defense in his Answer. Thus, the defense has been raised in a responsive pleading and has not been waived.

**V.    Conclusion**

For the forgoing reasons, the Court determines that the Defendant's Motion for Summary Judgment is granted and Plaintiff is time-barred from objecting to Defendant's discharge. Defendant is directed to submit a proposed form of order consistent with this opinion.

_/s/ Michael B. Kaplan_
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: February 19, 2014